IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DWAYNE RYAN CLARK, ) | |
| #338315,                           ) | |
|                                          ) | CIVIL ACTION NO. 9:14-2002-TMC-BM |
|                     Petitioner, ) | |
|                                          ) | |
| v.                                    ) | **REPORT AND RECOMMENDATION** |
|                                          ) | |
| WARDEN BUSCH,          ) | |
|                                          ) | |
|                     Respondent. ) | |
| _____) | |

      Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on May 19, 2014.[1]

      The Respondent filed a return and motion for summary judgment on September 17, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on September 18, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to respond, Petitioner filed a response in opposition on December 1, 2014.

      This matter is now before the Court for disposition.[2]

---

[1] Filing date pursuant to Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and (continued...)



1

**Procedural History**

Petitioner was indicted in Lexington County in January 2009 for murder [Indictment No. 09-GS-32-5167] and burglary in the first degree [Indictment No. 09-GS-32-5168]. (R.pp. 151-156). Petitioner was represented by Elizabeth Fullwood, Esquire, and on December 7, 2009 pled guilty to voluntary manslaughter and burglary in the first degree with a negotiated sentence of twenty-five (25) to thirty (30) years, to be served concurrent. (R.pp. 1-27). The judge accepted the negotiated plea and sentenced Petitioner to thirty (30) years confinement in prison on each of the charges, concurrent. (R.pp. 27-28). Petitioner did not appeal his conviction and/or sentence.

On June 24, 2010, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; <u>Clark v. State of South Carolina</u>, No. 2010-CP-32-2619; asserting that his "conviction [was] obtained in violation of [his] constitutional rights", and raising the following issues:

**Ground One**: Ineffective Assistance of Counsel:

a. "My lawyer failed to apply [for an appeal];

b. "Counsel failed to investigate to properly advise client;"

c. "The trial counsel through bad [advice] failed to inform me about constitutional violations."

**Ground Two:** In voluntary Guilty Plea:

a. "Guilty plea was induced by counsel failing to properly investigate case."

(R.pp. 30-37).

---

(...continued)
    Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner was represented in his APCR by Byron P. Roberts, Esquire, and Rebecca Ann Roberts, Esquire, and an evidentiary hearing was held on Petitioner's application on August 31, 2011. (R.pp. 45-137). In an order dated November 30, 2011, the PCR judge granted Petitioner's request for a belated appeal but denied relief on the remainder of the APCR in its entirety. (R.pp. 139-149).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Wanda H. Carter, Esquire, of the South Carolina Office of Appellate Defense, who raised the following PCR issue:

> The PCR judge ruled properly in granting petitioner's request for a belated direct appeal because petitioner did not voluntarily and intelligently waive his right to an appeal of his convictions and sentences in the case.

See Petition, p. 2 (Court Docket No. 20-5, p. 3).

Petitioner's counsel also filed an Anders[3] brief pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974), requesting to be relieved and raising the following direct appeal issue:

> The trial judge erred in accepting appellant's guilty pleas without inquiring into whether he understood that the pleas would waive his Sixth Amendment right to cross-examine the witnesses against him in the case.

See Petition, p. 1 (Court Docket No. 20-6, p. 2).

Petitioner subsequently filed a Pro Se brief pursuant to White v. State[4], in which he alleged that:

> 1. My counsel did not expound upon, nor show the correlation of the possibility of

---

[3]Anders v. California, 386 U.S. 738 (1967). Anders requires appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.

[4]Respondent correctly points out that Petitioner filed two briefs, but both briefs raised the same issues. See Court Docket Nos. 20-7, 20-8.



9:14-cv-02002-TMC     Date Filed 03/31/15     Entry Number 34     Page 4 of 16

    additional evidence pertaining to my case.

    2.  I expressed to my lawyer several times, verbally and in writing, that I wholeheartedly desired to have a trial by jury.

    3.  After I'd been coerced by my counsel to sign a sentencing sheet for a plea agreement, only then did my counsel make mention of the several different issues of defense we'd previously discussed and agreed to use at trial.

    4.  My counsel knew/ and failed to advise me of a perspicuous (sic) and blatant violation of my constitutional rights.

    5. My USCA Fifth, Sixth, and Fourteenth Amendments were violated by and through trial counsel's failure to effectively inform and advise me at the time I entered my unknowing and involuntary guilty plea.  As a result of this failure the trial judge committed error in accepting my unknowing guilty plea, assuming that trial counsel had timely and properly informed me of every consequence having a direct, immediate, and automatic impact upon my plea and sentence.

    6. My counsel was insufficient in her duties, by failing to note that under law and the Fourth Amendment that my warrant for murder was fatally deficient.

See Court Docket Nos. 20-7, 20-8.

On April 2, 2014, the South Carolina Court of Appeals granted Petitioner's writ of certiorari on his PCR issue, dismissed the direct appeal issue, and granted counsel's request to be relieved.  See Court Docket No.  20-10.  The Remittitur was sent down on April 21, 2014.  See Court Docket 20-11.

    In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

    **Ground One:** My counsel was insufficient in her duties by failing to note that under law and the 4th Amendment that my warrant for murder was fatally deficient.

    **Ground Two:** My counsel knew, and failed to advise me of a perspicuous (sic) and blatant violation of my constitutional rights.

    **Ground Three:** My counsel did not expound upon, nor show correlation of the possibility of additional evidence pertaining to my case.

    **Ground Four:** I expressed to my counsel several times, verbally and in writing that



4

I whole-heartedly desired to have a trial by Jury.

**Ground Five:** My counsel failed to note that I was indicted for my said charges well over a year after my incarceration.

**Ground Six:** After I'd been coerced by my lawyer to sign a sentencing sheet for a plea agreement, only then did my counsel make mention of the several different issues of defense we'd previously discussed and agreed to use at trial.

**Ground Seven:** My USCA Fifth, Sixth, and Fourteenth Amendment rights were violated by and through trial counsel's failure to effectively inform and advise me at the time I entered my unknowing and involuntary guilty plea. As a result of this failure the trial judge committed error in accepting my unknowing guilty plea, assuming that trial counsel had timely and properly informed me of every consequence having a direct, immediate, and automatic impact upon my plea and sentence.

See Petition, pp. 6-9, 11 & Attachment.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Initially, it is readily apparent that, other than part of Ground Seven, none of

5



Petitioner's cited grounds for relief were properly raised and/or pursued/exhausted in the state courts. With regard to Grounds One, Four, Five, possibly part of Six[5], and Seven, none of those ineffective assistance of counsel issues were raised in Petitioner's PCR proceedings. With respect to Grounds Two, Three, and the remainder of Ground Six, while those issues were raised in Petitioner's APCR and addressed by the PCR court, none of these claims were thereafter pursued in Petitioner's PCR appeal.

Therefore, all of the Grounds for relief (except the part of Ground Seven which is not based on ineffective assistance of counsel[6]) asserted by the Petitioner in this federal habeas petition were not properly preserved for review by this Court in Petitioner's APCR proceedings. See White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at *3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner never filed a motion to alter or amend requesting a ruling in regard to the issue]; State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."]; Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23,

---

[5]While part of Ground Six was raised in Petitioner's PCR application, it appears Petitioner is also raising an additional claim in Ground Six which was not presented to the PCR court.

[6]Giving Petitioner's pro se Petition the liberal construction to which it is entitled, the undersigned has assumed that the part of Ground Seven which is not based on ineffective assistance of counsel is the claim that was raised in Petitioner's belated direct appeal and properly exhausted. This claim has therefore been discussed on the merits. See discussion, infra.



2008); Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; see also Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; Wicker v. State, 425 S.E.2d 25, 26 (S.C. 1992).

**II.**

Because Petitioner did not properly raise and preserve any of these issues in his PCR proceedings, they are barred from further state collateral review[7]; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural

---

[7]Again, with the exception of part of Ground Seven, which is discussed in a separate section herein on the merits. See discussion, infra.



rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner does not argue any cause for his default of these issues. Rather, he argues that these issues are not defaulted because he raised them to the South Carolina Court of Appeals in his pro se White v. State brief. However, Petitioner was represented by counsel in his PCR appeal, who filed a merits brief raising only one PCR issue:

> The PCR judge ruled properly in granting petitioner's request for a belated direct appeal because petitioner did not voluntarily and intelligently waive his right to an appeal of his convictions and sentences in the case.

See Court Docket No. 20-5, p. 2.

Petitioner apparently contends that because he was entitled to file a pro se brief with regard to his



belated direct appeal since counsel filed an Anders brief,[8] any issues that he attempted to raise in that brief should also be considered as having been raised in his PCR appeal. However, since Petitioner was represented by counsel in his PCR appeal and counsel did not seek to be removed in that proceeding (only with regard to his direct appeal), Petitioner could not assert additional issues by means of a pro se filing with respect to his PCR appeal; cf. Miller v. State, 697 S.E.2d 527 (S.C. 2010)[Since there is no right to "hybrid representation", a pro se motion is "essentially a nullity."]; nor could he raise any PCR ineffective assistance of counsel issues in his belated direct appeal. State v. Kornahrens, 350 S.E.2d 180, 184 (S.C. 1986)[Holding that prisoner's claims that his counsel was ineffective in his representation at the trial level was not an issue "appropriate for review on direct appeal, and may be asserted only in proceedings under the Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 through 120 (1985)"]; State v. Carpenter, 286 S.E.2d 384, 384 (S.C. 1982)["Appellant's sole ground for appeal is ineffective assistance of counsel at trial. This Court usually will not consider that issue on appeal from a conviction. State v. Hyman, 281 S.E.2d 209 (S.C. 1981). We follow that principle particularly when, as here, the issue was not argued to the trial judge."].

      Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Smith v. State of N.C., 528 F.2d 807, 809 (4th Cir. 1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor

---

[8]As a direct appeal issue, Petitioner's counsel raised the claim that the trial judge erred in accepting Petitioner's guilty plea. See, Petition, p. 1 (Court Docket No. 20-6, p. 2). Since Petitioner's counsel filed an Anders brief on direct appeal seeking to be relieved as counsel, Petitioner was allowed to file a pro se brief on his belated direct appeal. See White v. State, supra.

9



prejudice without cause gets a defaulted claim into Federal Court."]. Further, to the extent Petitioner may be arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, all of Petitioner's Grounds for relief, except for part of Ground Seven asserting an alleged error by the plea court, are procedurally barred from consideration by this Court. Coleman, 501 U.S. at 750.

### III.

In addition to raising a procedurally barred ineffective assistance of counsel claim in

10



Ground Seven of his Petition, Petitioner also asserts (liberally construing his Petition) that the plea judge erred in not giving him a specific explanation that he would be permitted to cross-examine witnesses. Petitioner's counsel raised this issue in her Anders brief, and Petitioner also addressed this issue in his White v. State brief as part of Ground Four in that brief. See Court Docket No. 20-6, p. 4; see also Petitioner's Pro Se Brief pursuant to White v. State, p. 8 [Court Docket No. 20-8, p. 9]. Therefore, this issue is properly exhausted and before this Court for disposition.

At Petitioner's guilty plea, Petitioner's counsel stated that she had explained the charges in the indictment against him, the possible punishments, his rights, including his rights to a jury trial, and that he understood those rights. (R.p. 3). Petitioner also affirmed to the Court that counsel had explained these rights and that he understood them. (R.p. 5). The Court then reviewed the charges in the indictments, the charges that Petitioner was pleading guilty to at the plea, and the possible sentences, following which Petitioner again affirmed that he understood. (R.pp. 6-7). The Court then explained to the Petitioner that he was giving up certain important constitutional rights, including his right to remain silent, against self-incrimination, to not testify, the right to a jury trial, the right to have a jury decide whether or not he is guilty beyond a reasonable doubt, *the right to confront witnesses*, and to be confronted by witnesses against him. (R.p. 7)[emphasis added]. Petitioner then testified that he understood that he was giving up his rights to a jury trial by pleading guilty, and that he wished to plead to the charges of voluntary manslaughter and burglary, first degree. (R.p. 8). After the State explained that it was a negotiated, concurrent sentence for 25 to 30 years, Petitioner again affirmed to the Court that was also his understanding. (R.pp. 8-9). Petitioner then testified that he still wished to plead guilty, that no one promised him anything or held out any hope of reward to get him to plead guilty, that no one threatened him or used force to get him to plead



guilty, and that no one pressured or intimated him to cause him to plead guilty. (R.p. 9).

Petitioner also testified that he had had enough time to make up his mind, that he was pleading guilty of his own free will and accord, that he was satisfied with the manner in which his lawyer had advised him and represented him, that he had talked to his lawyer for as long and as often as he felt necessary for her to properly represent him, that he did not need more time to talk with his lawyer, that his lawyer did everything that he felt like she could have done or should have done, that there was not anything in the case that he felt like she did that she should not have done, and that he was completely and totally satisfied with his lawyer's services. (R.pp. 9-10). Petitioner also affirmed that he understood the plea court's questions and that he didn't want to ask the court about anything that they had been over. (R.pp. 10-11). Additionally, at Petitioner's PCR hearing, his plea counsel testified that they would have discussed "in details–all of the trial rights a criminal defendant enjoys." (R.p. 104).

Petitioner has presented no evidence to show that he did not knowingly plead guilty to the charges in this case. Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000)[Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000); Bell v. Jarvis, 236 F.3d 149, 157-158 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995)[historical facts underlying guilty pleas are entitled to deference]; see Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]. It is clear in the record



that the plea court advised Petitioner of his right to confrontation of any witnesses and that he was giving up that right by pleading guilty, following which Petitioner confirmed that he understood his rights and did not want to ask the plea court any questions about anything that they had discussed. (R.pp. 7-8, 10-11). Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that the plea court erred in accepting his plea without inquiring further into whether he understood that his plea would waive his right to cross-examine witnesses, he has not met his burden. The plea court specifically told Petitioner that he had the right to confront witnesses who testified against him, asked if he understood that right along with his other rights, and Petitioner denied that he needed any further explanation. (R.pp. 7-8, 10-11). The right to confrontation includes the right to cross-examine witnesses. State v. Holder, 676 S.E.2d 690, 693 (S.C. 2009)["The Confrontation Clause of the Sixth Amendment, which was extended to the states by the Fourteenth Amendment, guarantees the right of a criminal defendant to confront witnesses against him, and this includes the right to cross-examine witnesses."] citing to Richardson v. Marsh, 481 U.S. 200, 206 (1987).

Further, representations of the Defendant, his lawyer and the prosecutor at arraignment, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings, and "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Hence, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). No such



13

compelling reasons have been presented here, as it is clear in the record that the plea court went over Petitioner's rights prior to the acceptance of the plea, following which Petitioner admitted he had participated in the crime and entered his plea of guilty.[9]  Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000); see Sargent, 71 F.3d at 160 ["The [United States] Supreme Court has . . . held that  while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

There is no basis in the record to overturn the findings of the State Court, as Petitioner has not provided this Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.  Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra;  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed

---

[9]Although Petitioner denied that he was the actual shooter in the homicide, he accepted responsibility for his co-worker's alleged actions in  shooting the victim during the robbery. (R.pp. 24, 26-27).  Additionally, the Court explained to the Petitioner the "hand of one is the hand of all" theory of liability, and Petitioner affirmed that he understood accomplice liability.  (R.pp. 23-26).



correct unless rebutted by clear and convincing evidence]; <u>Sargent</u>, 71 F.3d at 160 [historical facts underlying guilty pleas are entitled to deference]; <u>see</u> <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].  Therefore, as Petitioner has failed to meet his burden on this claim, the only part of Ground Seven that is not procedurally barred is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 31, 2015
Charleston, South Carolina

15



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

