IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Dwayne R. Clark, | ) | |
| | ) | C/A No. 9:14-2002-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Busch, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Dwayne R. Clark's ("Clark") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report") recommending Respondent's Summary Judgment Motion (ECF No. 21) be granted and the petition be dismissed with prejudice. (ECF No. 34). The magistrate judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id*. at 16. Clark has filed objections to the Report. (ECF No. 36).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life &*

---

[1]The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

In January 2009, Clark was indicted for murder and first degree burglary. On December 7, 2009, Clark, who was represented by attorney Elizabeth Fullwood, pled guilty to voluntary manslaughter and first degree burglary pursuant to a plea that provided for a negotiated sentence of twenty five (25) to thirty (30) years, to run concurrently. Clark was sentenced to thirty (30) years imprisonment on each of the charges, to run concurrently. Clark did not appeal his conviction or sentence.

On June 24, 2010, Clark filed an application for post-conviction relief ("PCR") raising two issues: ineffective assistance of counsel and involuntary guilty plea. Clark was represented in his PCR proceeding by attorneys Byron P. Roberts and Rebecca Ann Roberts. A hearing was held on August 31, 2011, and on November 30, 2011, the PCR judge granted Clark's request for a belated appeal, but denied him relief on the remainder of the issues. Clark timely appealed the PCR court's order. On appeal, Clark was represented by Assistant Appellate Defender Wanda H. Carter, who raised the sole issue of whether the PCR judge properly granted petitioner's request for a belated direct appeal. Carter also filed an *Anders* brief pursuant to *White v. State*, 208 S.E.2d 35 (S.C. 1974), requesting to be relieved and raising the sole direct appeal issue of whether the trial judge erred in accepting Clark's guilty plea without inquiring into whether he understood that he was waiving his right to cross-examine witnesses.

Subsequently, Clark filed a pro se brief, raising the following issues:

1. My counsel did not expound upon, nor show the correlation of the possibility of additional evidence pertaining to my case.

2. I expressed to my lawyer several times, verbally and in writing, that I wholeheartedly desired to have a trial by jury.

3. After I'd been coerced by my counsel to sign a sentencing sheet for a plea

agreement, only then did my counsel make mention of the several different issues of defense we'd previously discussed and agreed to use at trial.

4. My counsel knew/ and failed to advise me of a perspicuous (sic) and blatant violation of my constitutional rights.

5. My USCA Fifth, Sixth, and Fourteenth Amendments were violated by and through trial counsel's failure to effectively inform and advise me at the time I entered my unknowing and involuntary guilty plea. As a result of this failure the trial judge committed error in accepting my unknowing guilty plea, assuming that trial counsel had timely and properly informed me of every consequence having a direct, immediate, and automatic impact upon my plea and sentence.

6. My counsel was insufficient in her duties, by failing to note that under law and the Fourth Amendment that my warrant for murder was fatally deficient.

On April 2, 2014, the South Carolina Court of Appeals granted Clark's petition for a writ of certiorari on his PCR issue, dismissed the direct appeal issue, and granted counsel's request to be relieved. The remittitur was sent down on April 21, 2014.

On May 22, 2014, Clark filed this habeas petition raising the following claims, quoted verbatim:

> **Ground One:** My counsel was insufficient in her duties by failing to note that under law and the 4th Amendment that my warrant for murder was fatally deficient
>
> **Ground Two:** My counsel knew, and failed to advise me of a perspicuous and blatant violation of my constitutional rights.
>
> **Ground Three:** My counsel did not expound upon, nor show correlation of the possibility of additional evidence pertaining to my case.
>
> **Ground Four:** I expressed to my counsel several times, verbally and in writing that I whole-heartedly desired to have a trial by Jury.
>
> **Ground Five:** My counsel failed to note that I was indicted for my said charges well over a year after my incarceration.
>
> **Ground Six:** After I'd been coerced by my lawyer to sign a sentencing sheet for a plea agreement, only then did my counsel make mention of the several different issues of defense we'd previously discussed and agreed to use at trial.

3

**Ground Seven:** My USCA Fifth, Sixth, and Fourteenth Amendment rights were violated by and through trial counsel's failure to effectively inform and advise me at the time I entered my unknowing and involuntary guilty plea. As a result of this failure the trial judge committed error in accepting my unknowing guilty plea, assuming that trial counsel had timely and properly informed me of every consequence having a direct, immediate, and automatic impact upon my plea and sentence.

(Pet. 6-9, 11 & Attach.).

## II. Discussion

The magistrate judge found that Clark had procedurally defaulted on all of his claims except part of Ground Seven. Specifically, the magistrate judge determined that Clark's ineffective assistance claims raised in Grounds One, Four, Five, part of Six, and Seven, were not raised in the PCR proceedings. Further, the magistrate judge stated that the other claims, while raised in Clerk's PCR proceeding, were not raised on appeal. The magistrate judge also addressed Clark's argument that these issues are not defaulted because Clark raised them to the South Carolina Court of Appeals in his pro se *White v. State* brief.[2]

In his objections, Clark argues his grounds for relief were not exhausted in state court because his PCR counsel did not include the issues in his PCR appeal. (Objections at 2). PCR counsel filed a petition for a writ of certiorari raising one issue: whether the PCR judge ruled properly in granting Clark's request for a belated direct appeal on the issue of whether he knowingly and intelligently waived his right to a direct appeal. She requested that the South Carolina Court of Appeals grant Clark a writ of certiorari on the direct appeal issue. (ECF No. 20-5). She simultaneously filed an *Anders*[3] brief pursuant to *White v. State*, briefing one direct

---

[2]*White v. State*, 208 S.E.2d 35 (1974)(providing the procedures for filing meritless appeals in PCR cases pursuant to *Anders* ).

[3]*Anders v. California*, 386 U.S. 738 (1967).

4

appeal issue (arguing the trial court erred in accepting Clark's guilty plea without determining whether he knew that in pleading guilty waived his right to cross-examine witnesses), and a petition to be relieved. (ECF No. 20-6). The South Carolina Court of Appeals granted certiorari on the direct appeal issue raised in the *Anders* brief and then dismissed the appeal and granted counsel's motion to be relieved. (ECF No. 20-10).

As an initial matter, it is well-settled that a state prisoner has no federal constitutional right to PCR proceedings in state court. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001). "Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Clark's complaints about alleged defects in the appeal of his state PCR proceeding are not cognizable on federal habeas review. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."); *Gray v. Stevenson*, C/A No. 4:11-cv-227-CMC-TER, 2012 WL 489010, at *17 (D.S.C. Jan. 24, 2012) (holding that grounds for relief "pertain[ing] to errors in the PCR actions . . . should be dismissed"), adopted by 2012 WL 488906 (D.S.C. Feb.15, 2012).

As to the allegation that trial counsel was deficient for failing to investigate, properly advise Clark, and failing to inform Clark about his constitutional rights, the PCR Court found these claims were without merit. The PCR court found that Clark had failed to meet his burden and had failed to offer any evidence to support his allegation that trial counsel was ineffective. The PCR Court noted that Clark did not point to any specific matters trial counsel failed to discover.

Even if the court found that the issues were not procedurally barred, they are without

merit. Clark produced no witnesses in his PCR proceedings to support his assertions that there were beneficial witnesses that trial counsel should have interviewed. *Bassette v. Thompson,* 915 F.2d 932, 939, 941 (4th Cir. 1990). *See also Bannister v. State*, 509 S.E.2d 807, 809 (S.C.1998) (holding that the court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."); *Glover v. State*, 458 S.E.2d 539, 540 (S.C. 1995) ("[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."). Further, Petitioner did not provide any evidence of what trial counsel could have discovered had she investigated more. The PCR court's determinations were not contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  28 U.S.C. § 2254 (d); *see also Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Furthermore, the PCR court's determinations did not result in a decision that was based on an unreasonable determination of the facts in light of the record. *Id.*

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit and adopts the Report. Accordingly, Respondent's Summary Judgment Motion (ECF No. 21) is **GRANTED**; and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
September 10, 2015